CHARLES COMSTOCK'S APPEAL FROM PROBATE.

Fairfield Co., March T., 1886.    PARK, C. J., CARPENTER, LOOMIS, GRANGER and BEARDSLEY, Js.

The statute of 1882 (Acts of 1882, chap. 50, sec. 4,) provides that on an appeal to this court the judge, at the request of either party giving notice of an appeal, shall make such a finding of the facts as may be necessary for the proper presentation of the questions of law, and that the appeal need not be filed with the clerk of the court until ten days after such finding has been filed. A finding was made by a judge and filed with the clerk which stated that "on the 2d day of July, 1884, the administrators of A filed with the clerk of the court (the court not being in actual session) their application to be made parties to the action." Several months later, at the request of the appellant, the judge amended the finding by striking out the words "the court not being in actual session." Held that the amendment was not to be regarded as a filing at that time of the finding with the clerk, and did not operate to give the appellant ten days from that time within which to file his appeal.

[Argued March 18th—decided April 24th, 1886.]

APPEAL from a probate decree; taken to the Superior

Court in Fairfield County. The decree was reversed in that court, and certain of the appellees appealed to this court. In this court the First National Bank of New Canaan, which had upon its motion been made a party appellant in the Superior Court, pleaded in abatement of the appeal, and the case was heard upon that plea. The case is fully stated in the opinion.

*J. H. Perry*, in support of the plea in abatement.

*L. Warner*, contra.

Loomis, J. The only questions for our consideration in this case arise under a plea in abatement to the appeal which Joseph M. Johnson, administrator, attempted to take to this court from the judgment of the Superior Court in the above mentioned appeal from probate.

In support of the plea two independent grounds were urged:—1st, that the appeal was not taken by any party to the proceedings in the court below; and 2nd, that the reasons of appeal were not filed within the time required by the statute.

We will consider only the last named ground, as in our view it is sufficient for the abatement and dismissal of the appeal.

The statute, (Acts of 1882, ch. 50, p. 144, sec. 4,) provides that " if it becomes necessary for the proper presentation of questions of law arising in the cause that there should be a finding of all the facts therein, or of sufficient facts to properly present objections to testimony, or errors claimed to exist in the charge or rulings of the judge, such judge shall, upon request of the party so giving notice of appeal, make such necessary finding, and in such cases said appeal need not be filed until ten days after such finding has been filed with the clerk by said judge and the party giving notice of appeal has been notified thereof by the clerk."

The question is—whether the reasons of appeal were

filed within the prescribed ten days. This, at first blush, would seem to be a mere question of fact. But the dates here are all conceded. The controversy has reference not to the mere lapse of time but to the starting point for its computation, or, in other words, the question is—what is to be regarded as the finding filed by the judge? Is it the main detailed finding of facts which the trial judge signed and filed with the clerk of the court months before the reasons of appeal, or the slight amendment which he caused to be made on the last day of January, 1886? If it is the latter, then, as the reasons of appeal were filed on the 10th of February following, they came in time, and the appeal must stand so far as this objection is concerned; but if the former is the finding referred to, then it is conceded that the appeal must abate.

In this case the first formal finding was never withdrawn from the files, or intended to be by the judge, but upon request of the appellant the judge made the following amendment. At first the finding was as follows:—" On the 2d day of July, 1884, the administrators on the estate of Darius S. Ayres filed with the clerk of this court (the court not being in actual session) their application to be made parties to this action," and the only change was that the clerk, by written order from the judge, struck out the clause in brackets—" the court not being in actual session."

We shall not attempt to formulate any general rule to determine what sort of amendment would constitute such a finding as would furnish a new starting point for the ten days allowed for the filing of the reasons. It would be difficult to make a rule of easy application, and besides, it is a matter of little practical importance, for, if a party desires to avoid doubts as to the time allowed, he can apply for an extension of time, or the judge can withdraw the first finding and after amendment refile it with the clerk, or the party can go on and file his reasons upon the assumption that the amendment he desires will be made. But it cannot be tolerated, as is virtually claimed in this case, that every change in a finding will of itself work an

extension of time. It is very common to have amendments made, more or less important, up to the very session of the Supreme Court, and even after the session has commenced.

It will suffice to decide the present case upon the facts referred to. The amendment as made was in no sense a filing of the finding at that time.

It is difficult to conceive how any question attempted to be raised by the appeal could be affected or controlled by the change as made. At first, by the finding, it was made clear that the court was not then in session, but, after the change, it was left in uncertainty whether the court was in session or not; but, in both cases, it was distinctly stated that the application to be made parties was filed with the clerk of the court on the second day of July, 1884. The change was immaterial, and if so, it is perfectly clear that it cannot operate to extend the time, for, if immaterial, no finding on the subject was necessary, and by the third section of the act cited, the ten days allowed for filing the appeal and bond must date from the rendition of. the judgment, which in this case was eighty-six days before the appeal was filed.

For these reasons the appeal must abate and be dismissed.

In this opinion the other judges concurred.