## Appeal of George B. Ulmer and John B. Moyer.

### George F. Ulmer's Estate.

In a contest to determine the mental soundness of an alleged testator, where the case is a doubtful one, the fact that the scrivener who wrote the will, and the subscribing witnesses, were not examined, is a material and damaging circumstance against the proponents.

Evidence of mental unsoundness considered sufficient in this case to award an issue.

(Argued January 6, 1888. Decided February 20, 1888.)

January Term, 1887, No. 383, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Philadelphia County refusing an issue to determine the validity of a will. Reversed.

The facts as they appeared from the record were as follows:

George F. Ulmer died February 14, 1886. February 18, Jennie E. Hays, wife of Henry C. Hays, produced before the register of wills a paper purporting to be the last will and testament of the decedent. By this paper the whole estate of decedent was left to Jennie E. Hays, and she was named as sole executrix. The paper was admitted to probate and letters testamentary were granted to Mrs. Hays. February 23, 1886, George B. Ulmer and John B. Moyer presented their petition to the orphans' court setting forth that they were relatives of decedent; that decedent during the last five or six years of his life was of unsound mind, memory, and understanding, and utterly unfit to make a will; that, further, in the making of his so-called last will he had been unduly influenced by the said Jennie E. Hays and her husband, Henry C. Hays; and that the petitioners were acting upon behalf of themselves and such other relatives of the decedent as had an interest in his estate.

The petition further set out that the said John B. Moyer, one of the petitioners, held in his possession a will made by decedent in 1873, at a time when there was no question as to his sanity,

NOTE.—For sufficient evidence to entitle the petitioner to an issue to determine the question of testamentary capacity, see note to McPherson's Appeal, 8 Sad. Rep. 211.

in which will he bequeathed the bulk of his estate to several of his nearest relatives—bequeathing several hundred dollars to charities, and $500 to the said Jennie Hays, under her then maiden name of Eliza Jane Aldridge, of which said will John B. Moyer and Albert Ulmer were named as executors.

Said petition prayed for the issuing of a citation upon the parties interested to show cause why an appeal should not be allowed from the decision of the register of wills granting letters testamentary upon the estate of decedent to the said Jennie E. Hays, and for an issue *devisavit vel non*.

Upon March 5, 1886, Jennie E. Hays and Henry C. Hays, her husband, filed their answer to said petition, denying the allegation in the petition, that decedent was of unsound mind, and alleged, on the contrary, that decedent was, during said period, of full testamentary capacity, and of sound mind and memory. The answer also denied the use of undue influence upon decedent, and charged that the said Jennie E. Hays was in the position of an adopted daughter of decedent, although never formally adopted as such "through the court."

A general replication was filed and the court below appointed an examiner to take testimony in the cause. A number of witnesses were called by both the petitioner and the proponent, and on the testimony being reported by the examiner, the court refused an issue and dismissed the appeal from the register.

The assignments of error specified the above action of the court.

*F. H. Cheyney* and *F. Carroll Brewster,* for appellants.— Any direct testimony as to testator's mental incapacity is sufficient to send the case to a jury. Where testimony as to testamentary capacity is contradictory and gives rise to suspicion of perjury, such an issue of fact is presented as should be determined by a jury. Wilson's Appeal, 11 W. N. C. 335, and Gibson's Estate, 11 W. N. C. 355.

The party requesting an issue must set forth the facts, that the court may be able to determine their materiality. If the facts are material, the court is bound to award an issue when requested; otherwise not. Cozzens's Will, 61 Pa. 196.

Upon the trial of an issue *devisavit vel non* the judge should not withdraw the case from the jury, for the mere reason that he, if sitting as a juror, could not find, from the evidence, a verdict

against the will. The case should be left to them, unless the testimony is such that he would feel obliged to set aside a verdict for the contestants. Herster v. Herster, 116 Pa. 612, 11 Atl. 410.

The proponent of a contested will must produce and examine all the attesting witnesses, if in his power to do so. Thornton v. Thornton, 39 Vt. 122, 6 Am. L. Reg. N. S. 341.

*John Dolman,* for appellee.—Eddey's Appeal, 109 Pa. 406, 1 Atl. 425, a case very similar to this, uses the following language: "Where the overwhelming weight of the testimony as to facts shows testamentary capacity on the part of the testator, the testimony of disappointed, or insufficiently informed, witnesses, to the effect that in their opinion the testator did not have testamentary capacity, has but little value in determining the question whether an issue *devisavit vel non* shall or shall not be granted."

Wilson v. Mitchell, 101 Pa. 495, is decisive of this case.

OPINION BY MR. JUSTICE GREEN:

In this case an application was made to the court below for an issue to try the question of the mental soundness of an alleged testator. An examiner was appointed, before whom much testimony was taken—both in support of and against the application. A number of witnesses were examined, who testified to various facts within their knowledge, and to their opinions, adversely to the validity of the testamentary paper in question. A number of other witnesses were examined, who testified to facts within their knowledge, and to their opinions, favorably to the validity of said paper. The learned court below, being of opinion that upon the whole case the evidence was not sufficient to sustain a verdict against the will, refused the issue and dismissed the petition, and from this action the present appeal has been taken.

We find ourselves unable to take the same view of the testimony which was entertained by the orphans' court and have, therefore, reached a different result. After a patient examination of the testimony on both sides, we feel constrained to say that had we been sitting as trial judges, upon an issue granted in this case, and a verdict against the will had been rendered, we would not have thought it our duty to set the verdict aside

for want of evidence to sustain it.    While we cannot discuss
the testimony, it is proper to remark that neither the scrivener
who wrote the will, nor the subscribing witnesses, were ex-
amined, and the absence of such testimony in such a case as this
is a material and damaging circumstance against the proponents.
Where there is such evidence, and it is of a satisfactory char-
acter, it is often of the greatest assistance in determining the
question of sanity, and will frequently outweigh much opposing
testimony.    The mere fact of its absence in a doubtful case
has much adverse force.

The decree of the Orphans' Court is reversed, the appeal from
the decision of the register granting letters testamentary is al-
lowed, and it is ordered that an issue to try the question of the
sanity of the alleged testator be granted, the costs of this appeal
to be paid by the appellee.