## In re DUNHAM'S WILL.

*(Supreme Court, General Term, Second Department. May, 1888.)*

1. WILLS—CONSTRUCTION—AMBIGUITIES AND CONFLICTING PROVISIONS.
   A testator left a legacy to a certain person, and directed all his other property to be disposed of according to a former will, and revoked all former wills. *Held*, that the last will is not void for uncertainty or ambiguity, but is rather to be construed as a codicil to the first will.
2. SAME—UNDUE INFLUENCE—EVIDENCE.
   A person 82 years old, while in his last sickness, added a codicil to his will, leaving a legacy to his landlady, and changing to that extent a will made three years before while in good health. In the three years he had become sick, and required constant care and attention which was rendered him by the legatee alone. *Held*, that though the opportunity and motive for undue influence existed, yet, as there was no proof of affirmative acts the codicil must be sustained.[1]
3. SAME—CAPACITY TO MAKE—EVIDENCE.
   Where there is no evidence that prior to the execution of a will the testator was of unsound mind, the court will not hold that he lacked testamentary capacity.

Appeal from surrogate's court, Kings county; ABRAHAM LOTT, Surrogate.

[1] See note at end of case.

The following will, dated September 11, 1885, of Alfred F. Dunham was offered for probate by Mary Nolte: "In the name of God, Amen. I, Alfred F. Dunham, of the city of Brooklyn, now being of sound and disposing mind and memory, and considering the uncertainty of this life, do make, publish, and declare this to be my last will and testament, as follows: *First*. After my lawful debts are paid I give and bequeath to my dear friend, Mrs. Mary Nolte, of said city of Brooklyn, the sum of three thousand dollars, to be paid to her out of my estate by my executors° as soon after my decease as the same can be done by them; and I make the payment of the said sum a charge upon my said estate. *Second*. I hereby give, devise, and bequeath all the rest, residue, and remainder of my estate as heretofore given and provided for by me in a former will. I hereby appoint John H. Claff and Daniel Jackson, of the city of New York, to be the executors of this last will and testament, hereby revoking all former wills." (Duly executed.) David D. Griswold, a nephew and legatee under a former will, contested this will, and from the decree sustaining it appealed.

*Edwin M. Fox*, for appellant. *Jerry A. Wernberg*, for respondent.

PRATT, J. This is an appeal from a decree of the surrogate of Kings county, admitting to probate as and for a codicil to the last will and testament of Alfred F. Dunham, late of the city of Brooklyn, deceased, a paper writing, bearing date September 11, 1885, and offered for probate by Mary Nolte, a legatee under said alleged codicil. The testator, at the time of the execution of said paper was 82 years of age, and in his last illness, his death taking place on December 1, 1885. The paper was executed in the house of Mary Nolte, the proponent, where the testator boarded. The said alleged codicil left to said Mary Nolte a legacy of $3,000, but in all other respects confirmed and ratified a prior will, which prior will, dated October 3, 1882, was duly admitted to probate by the surrogate of Kings county, to which said will of October 3, 1882, there are no objections by either appellant or respondent. The appellant's objection that the codicil is void for uncertainty and ambiguity is not well taken. It is about as plain as language can make it that the testator intended to give Mrs. Nolte $3,000, and leave the remainder of his property to be disposed of as stated in the previous will. If the paper of September 11th is to be regarded as a will it disposes of all the property by reference to the former will with sufficient certainty, but the more reasonable view is to regard it as a codicil, as no change is made in the previous will except the giving of $3,000 to Mrs. Nolte.

The evidence is abundant to satisfy the mind and conscience that the testator on the 11th of September, 1885, was competent to make a will, and, considering the services Mrs. Nolte was rendering to the testator, the legacy does not seem unreasonable. Dr. Bond, the physician who attended him, testified that he considered him rational up to nearly the close of his life, and the writing made by the deceased after the 11th of September evinces a mind clear and capable. Much of the testimony of the contestants related to incidents after the codicil was made. In fact no witness testified that prior to September 11, 1885, the testator was of unsound mind or incapable of attending to ordinary business. There was also an utter failure of proof that Mrs. Nolte, or any one in her behalf, exerted any undue influence over the testator. It is not enough to show an opportunity and motive to exert undue influence, but some affirmative acts must be shown which by themselves or by just inference establish coercion or undue influence. *In re Ellick*, 19 Wkly. Dig. 232. But it is claimed that this codicil is at variance with a former will, made when his senses were in full vigor, and must be presumed to be the result of undue influence. It is true that a will made by a sick person, contrary to a previous fixed and determined purpose, will be scrutinized closely by the courts to ascertain whether it was a free, voluntary, and intelligent act.

In this case only one change is made, as I have before observed, and the proofs seem not only to justify the change, but show that the act was deliberate, free, and voluntary. The testator discussed alone with Mr. Spencer the propriety of the act, and several ways of accomplishing it. So far as appears, Mrs. Nolte made no suggestions. There was a decided change in the circumstances since the first will was made. Then, he was a mere boarder; now, he was sick, requiring constant and assiduous care and attention,—such care as money could scarcely buy,—and there he remained up to the day of his death. He might well make such a change in his will to secure the services of Mrs. Nolte until he died. The codicil was not drawn by Mrs. Nolte, and she made no suggestion, so far as it appears, to Mr. Spencer or to the testator. There was also failure to prove any refusal to allow the relatives of testator to visit him prior to the making of the codicil. There was some proof of refusal after that date, but it was sufficiently explained by the request of Dr. Bond that no one should be allowed to disturb the testator. As was well said by the surrogate, "there was no evidence of an act or word on the part of the testator indicating insanity," and there is no evidence that he was unduly influenced in the making of the codicil in question. We have examined all the exceptions upon questions of evidence, but notice none that require discussion. The evidence excluded could not have changed the result if it had been admitted. The findings of law and fact are such as only could have been properly found upon the evidence.

Decision of surrogate affirmed, with costs.

DYKMAN, J., (*concurring.*) This is an appeal from the decree of the surrogate of Kings county, admitting to probate an instrument called a "Codicil," to the last will and testament of Alfred F. Dunham, deceased. The testator made a will in October, 1882, and in September, 1885, he made another will in which, after the bequest of a legacy of $3,000 to Mrs. Mary Nolte, he gave the remainder of his property as before given and provided for in his former will, so that both instruments were required to constitute the last will and testament of the testator. The last instrument was contested, but the testimony before the surrogate discloses no reason why it should be rejected. The decree of the surrogate should be affirmed, with costs.

## NOTE.

WILL—UNDUE INFLUENCE. Where a party asserts that an instrument was obtained by undue influence, the law excluding all presumption of undue influence over a person of sound mind, he is required to prove affirmatively that it was so obtained. Shepardson v. Potter, (Mich.) 18 N. W. Rep. 575. The burden of proof is on the contestants to establish undue influence; and the fact that the will is unjust or unreasonable is not evidence that such influence was exercised. Webber v. Sullivan, (Iowa,) 12 N. W. Rep. 319. The evidence on the part of the party attacking, on the ground of undue influence, the will of a person of sound mind, must preponderate over the evidence adduced and the presumptions prevailing on behalf of the proponent of the will. Gay v. Gillilan, (Mo.) 5 S. W. Rep. 7.

As to what is competent evidence of undue influence, and what amounts to undue influence, see Bledsoe v. Bledsoe, (Ky.) 1 S. W. Rep. 10, and note; Thompson v. Hawks, 14 Fed. Rep. 905, and note; Saunder's Appeal, (Conn.) 6 Atl. Rep. 196, and note; Rockwell's Appeal, Id. 198; Pemberton v. Pemberton, (N. J.) 7 Atl. Rep. 642; Blume v. Hartman, (Pa.) 8 Atl. Rep. 219; Herster v. Herster, (Pa.) 11 Atl. Rep. 410; Trost v. Dingles, (Pa.) 12 Atl. Rep. 297; Schildnecht v. Rompf's Ex'x, (Ky.) 4 S. W. Rep. 235; McCulloch v. Campbell, (Ark.) 5 S. W. Rep. 590; Slinger v. Calverly, (Wis.) 37 N. W. Rep. 236.