In the Matter of the Probate of the Will of HENRY C. BULL, Deceased.

Under the amendment of the section of the Code of Civil Procedure making provision for the trial by jury of controverted questions of fact arising in proceedings in Surrogate's Court (§ 2547) made in 1886 (Chap. 119, Laws of 1886), which authorizes the surrogate of the county of New York, in his discretion, to transfer to the Court of Common Pleas proceedings for the probate of a will, for the purpose of having the issues of fact therein tried by a jury, and provides for the review of the verdict of a jury, this court is not given jurisdiction, on appeal to it from an order of the General Term affirming the verdict, to review the

questions of fact for the purpose of determining whether the verdict was against the weight of evidence; its jurisdiction is limited to the review of questions of law. (§ 1337.)

(Argued November 26, 1888; decided January 15, 1889.)

APPEAL from an order of the General Term of the Court of Common Pleas for the city and county of New York, made May 7, 1888, which affirmed an order of the trial court denying a motion for a new trial and to set aside a verdict.

The proceeding was instituted before the surrogate of the county of New York for the probate of an instrument purporting to be the last will of Henry C. Bull, deceased. Objections having been filed, the matter was transferred to the Common Pleas for trial of the issues of fact under section 2547 of the Code of Civil Procedure, as amended by chapter 119 of the Laws of 1886.

The questions presented to the jury and their answers thereto were as follows:

"*First.* Was the paper propounded as the last will of Henry C. Bull executed and acknowledged by him at Bunker Hill, Macoupin county, in the State of Illinois? To that question the jury, by direction of the court, answered yes.

"*Second.* Did Henry C. Bull sign said paper at said Bunker Hill on December 4, 1884, in the presence of James T. Pennington and George Stephenson, and did Henry C. Bull request said Pennington and Stephenson to sign their names as witnesses to said paper, and did said Pennington and Stephenson then and there sign their names as witnesses to said paper in the presence of said Bull and in the presence of each other, and did said Bull declare said paper to be his free act? To that question the jury, by direction of the court, answered yes.

"*Third.* At the time of the execution of the paper propounded as the last will of Henry C. Bull, was Henry C. Bull of sound mind, memory and understanding and competent to make a will? Answer, no.

SICKELS—VOL. LXVI.     79

"*Fourth.* At the time of the execution of said paper by said Henry C. Bull, did Henry C. Bull know the contents thereof and understand what disposition it made of his property? Answer, no.

"*Fifth.* Was the said paper procured by undue influence practiced upon said Henry C. Bull? To that question the jury, by direction of the court, answered no."

The further facts, material to the questions discussed, are stated in the opinion.

*Joseph H. Choate* for appellant. The testator was legally competent to make a will. (3 R. S. 2283, § 1; Id. 2285, § 21; *Stewart* v. *Lispenard*, 26 Wend. 301; *Jackson* v. *King*, 4 Cow. 216, 217; *Gombault* v. *Public Administrator*, 4 Bradf. 226; 1 Redf. Law of Wills, 63; *Stanton* v. *Wetherwax*, 16 Barb. 263; *Lewis* v. *Jones*, 60 id. 672; *Breed* v. *Pratt*, 18 Pick. 115; *Harrison* v. *Rowan*, 3 Wash. 580; *Stevens* v. *Van Cleve*, 4 Wash. 262, 267; *Delafield* v. *Parish*, 25 N. Y. 102; *Van Alst.* v. *Hunter*, 5 Johns. Ch. 158, 159; *Maverick* v. *Reynolds*, 2 Brad. 384; *Horn* v. *Pullman*, 72 N. Y. 276; *Clapp* v. *Fullerton*, 34 id. 197.) The testator being of sound mind, and knowing that he was making a will of his property, and the persons present being his most intimate friends, one his business partner, and the other his confidential friend, who wrote letters for him, the law does not justify the disregard of such evidence by proof of specific acts, the results of infirmity, age or illness, at other and distant periods. (*Stevens* v. *Van Cleve*, 4 Wash. 270; *Blanchard* v. *Nestle*, 3 Den. 41; *Jackson* v. *King*, 4 Cow. 218; *Gardner* v. *Gardner*, 34 N. Y. 161; *Cudney* v. *Cudney*, 68 id. 152; *Marx* v. *McGlynn*, 88 id. 373.) The legislature is not presumed to intend to change the common law. (*People* v. *Richards*, 108 N. Y. 144; *McDonald* v. *Hovey*, 110 U. S. 628, 629; Potter's Dwarris on Stat. 185, 186.) The revisers' notes may be examined to ascertain the sources of the statutes which provide that "all persons except idiots, persons of unsound mind and infants,"

may make wills." (3 R. S. 2283, § 5; *Stewart* v. *Lispenard*, 26 Wend. 298, 299; *Blake* v. *Nat. Bank*, 23 Wall. 317–320; *In re O'Neil*, 91 N. Y. 520; *Willis* v. *Lowe*, 5 Notes of Cases, 428; Revisers' note to 2 R. S., chap. 6, art. 2, 4 N. Y. Rev.'s Rep.; 2 Black. Com. 496; Coke Litt., 896, Hargrave's, note *b*; Toller's Law Ex. 9.) To constitute incapacity to make a will, a total deprivation of sense is required. (*Jackson* v. *King*, 4 Cow. 216; *Odell* v. *Buck*, 21 Wend. 142; *Petrie* v. *Shoemaker*, 24 id. 86; *In re Morgan*, 7 Paige, 237; *Newhouse* v. *Godwin*, 17 Barb. 236; *Davis* v. *Culver*, 13 How. Pr. 66; *Crolins* v. *Clark*, 7 Lans. 314; 64 Barb. 117; *Bleecker* v. *Lynch*, 1 Bradf. 465; *Weir* v. *Fitzgerald*, 2 id. 59; *Wade* v. *Holbrook*, 2 Redf. 387; *Blanchard* v. *Nestle*, 3 Denio, 37; *Clark* v. *Sawyer*, 2 N. Y. 499.) The court should have given the specific instructions requested as to the testator's competency. (*Guysling* v. *Van Kuren*, 35 N. Y. 70–72; *Carroll* v. *Norton*, 3 Bradf. 306; *Bleecker* v. *Lynch*, 1 id. 458; *Maverick* v. *Reynolds*, 2 id. 360.) It was error to refuse to charge that, as the proponent has shown that the will was executed in accordance with the formalities prescribed by the statutes of the state of Illinois, the burden of proof is upon the contestants to establish that the decedent was not capable of making a will. (*Delafield* v. *Parish*, 25 N. Y. 66, 97; *Jackson* v. *King*, 4 Cow. 216; 108 N. Y. 67; 1 Redf. on Wills, chap. 3, § 4; *Banker* v. *Banker*, 63 N. Y. 413, 414; *Riggs* v. *Am. Tract Soc.*, 95 id. 511, 512; *Ean* v. *Snyder*, 46 Barb. 232; *Brown* v. *Torrey*, 24 id. 583; *Davis* v. *Culver*, 13 How. Pr. 66; *Miller* v. *White*, 5 Redf. 320; *Shaw's Will*, 2 id. 125; *Jackson* v. *Van Dusen*, 5 Johns. 158; *Stewart* v. *Lispenard*, 26 Wend. 298, 317; *Stevens* v. *Van Cleve*, 4 Wash. 269; *Carpenter* v. *Calvert*, 83 Ill. 71; *Wooley* v. *Wooley*, 95 N. Y. 231; *In re Cottrell*, Id. 334.) It was error to refuse to charge that the only point of time to be looked at by the jury at which the capacity of the testator is to be tested is that when the will was executed. (*Brown* v. *Torrey*, 24 Barb. 583; *Whitenack* v. *Stryker*, 2 N. J. Eq. 11;

*Turner* v. *Cheeseman*, 15 N. J. Ch. 246; *Harrison* v. *Rowan*, 3 Wash. 586; *Stevens* v. *Van Cleve*, 4 id. 268; *Blanchard* v. *Nestle*, 3 Denio, 41; *Jackson* v. *King*, 4 Cow. 218; *In re Morgan*, 7 Paige, 236; *Davis* v. *Culver*, 13 How. Pr. 66; *Newhouse* v. *Godwin*, 17 Barb. 236.) It is error for a judge to submit a question to a jury where there is no evidence to authorize any finding thereon, and it is, for a similar reason, correct to refuse to submit a question unsupported by evidence. (*Algur* v. *Gardner*, 54 N. Y. 364; *Small* v. *Smith*, 1 Denio, 583; *Maguire* v. *Corwine*, 101 U. S. 111; *Michigan Bank* v. *Eldred*, 9 Wall. 544; *Insurance Co.* v. *Baring*, 20 id. 162; *U. S.* v. *One Still, etc.*, 5 Blatch. 407; *Story* v. *Brennan*, 15 N. Y. 526; 12 Barb. 84; 1 Wend. 511; *Lomer* v. *Meeker*, 25 N. Y. 361.) The court erroneously overruled legal objections of the proponent to evidence on the part of the contestants. (*Gellatby* v. *Lowery*, 6 Bosw. 122; *Forrest* v. *Forrest*, 6 Duer, 102.) The stipulation of proponent's counsel does not cover this evidence. (*In re Ross*, 87 N. Y. 520; *Holcomb* v. *Holcomb*, 95 id. 316; *Bell* v. *McMaster*, 29 Hun, 273; *Clapp* v. *Fullerton*, 34 N. Y. 190; *Hewlett* v. *Wood*, 55 id. 634; *People* v. *O'Brien*, 36 id. 276; *People* v. *Reel*, 42 id. 270; *Matter of Arnold*, 14 Hun, 527, 528; *Briggs* v. *Waldron*, 83 N. Y. 586; *People* v. *Buddensieck*, 103 id. 501; *Winchell* v. *Winchell*, 100 id. 165; *Ray* v. *Smith*, 2 Hun, 597; *Foote* v. *Hamilton*, 78 N. Y. 155; *Baird* v. *Daly*, 68 id. 547.) When the proof of a fact is on a party who gives no direct evidence thereon, if the other party sees fit to contradict it by introducing evidence to rebut it in anticipation of its proof by his adversary, the introduction of such evidence does not shift the burden or raise a conflict. (*Lerche* v. *Brasher*, 104 N. Y. 157; *Clark* v. *Mech. Nat. Bk.*, 11 Daly, 241; 8 id. 481.)

*John E. Parsons* for respondents. The court has no jurisdiction upon appeal from the affirmance by the General Term of the decision of the surrogate in a probate case to review questions of fact which depend upon conflicting evidence.

(*In re Ross*, 87 N. Y. 514; *Davis* v. *Clark*, Id. 623;
*Marx* v. *McGlynn*, 88 id. 357.) The burden of proof was
upon the proponent to establish the mental capacity of the
deceased. (*Delafield* v. *Parish*, 25 N. Y. 934; *Rollwagen*
v. *Rollwagen*, 63 id. 504, 517.) There was no evidence that a
different rule prevails in Illinois. The presumption is that
the law of that state is the same as the law of this. (*Cheney*
v. *Arnold*, 15 N. Y. 345–353; *First Nat. Bk. of Meadville*
v. *Fourth Nat. Bk. of New York*, 77 id. 320; *Chapin* v.
*Dobson*, 78 id. 74; *Irish* v. *Newell*, 62 Ill. 196, 202; Statutes
of Illinois on Wills, chap. 148.) Parties have no right to
expect that the court will, nor is it error for the court
to, refuse to adopt a different phraseology suggested by counsel
in the shape of requests to charge. (*Raymond* v. *Richmond*,
88 N. Y. 671; *Kelly* v. *Jackson*, 6 Peters, 622; *Labor* v.
*Cooper*, 74 Wall. [U. S.] 565; *I., etc., R. R. Co.* v. *Horst*, 93
U. S. 291; *R. R. Co.* v. *McCartney*, 96 id. 258.) Henry Bull,
one of the residuary legatees, was incompetent to testify to
transactions between himself and deceased. (Code of Civil
Pro. § 829.) While the act of 1886, chapter 119, provides
that the costs shall be taxed in the Surrogate's Court, the
awarding of the costs of the appeal lies with the appellate
court. (*Schell* v. *Hewitt*, 1 Dem. 249, 255.)

PECKHAM, J. The question which first arises upon this
appeal is as to the extent of our jurisdiction, whether we can
review the facts to the same extent as the General Term of
the Common Pleas, or whether we are restricted to the review
of questions of law only. If this were the ordinary case of an
appeal from the General Term affirming a decision of the
surrogate admitting or refusing to admit to probate the instru-
ment propounded as a will, the case of *Hewlett* v. *Elmer* (103
N. Y. 156), would be a direct authority restricting our juris-
diction to a review of questions of law only. It is contended
however, that by the amendment made in 1886 to section 2547
of the Code, our jurisdiction is enlarged in the case provided
for in that section; and that it is within our power, and con-

sequently it is our duty, to review the questions of fact for the purpose of determining whether the verdict of the jury upon the trial therein provided for was against the weight of evidence, and if so, to grant a new trial, upon that ground. We do not think the amendment has that effect. It refers to cases arising in the county of New York only, and even then it affects none but those which the surrogate of that county may choose to transfer to the Court of Common Pleas for the purpose of having a trial by jury in that court, of a special proceeding for the probate of a will pending before the surrogate.

It would require the plainest language to convince us that the legislature meant to enlarge our jurisdiction in certain classes of probate cases coming to this court upon appeal from one county alone in the state while in all the other counties it remained as already and differently provided for by the Code of Civil Procedure. There is certainly no reason in the nature of the case why we should examine questions of fact determined by a jury of the New York Common Pleas in a special proceeding relating to the probate of a will, more than in any other proceeding or action. The reasoning which led to the decision in *Hewlett* v. *Elmer* (*supra*) leads also to a denial of any such right on our part in the case under consideration. Full effect can be given to the language of the statute (§ 2547), by holding that the right to grant a new trial, because the verdict was against the weight of evidence, is confined to the Court of Common Pleas, and that the prohibition of section 1337 of the Code confines our right of review in the cases arising under section 2547, as in others, to questions of law only. The provision in the last above cited section that "the appeal shall be heard upon a case containing all the evidence" is manifestly for the purpose of allowing the court the benefit of a full record of the evidence taken, in order to be able to carry out the further provision that an error in the admission or exclusion of evidence, etc., may be disregarded if substantial justice does not require that there should be a new trial. We are satisfied that we have no power to review the facts in this case, further than, as is said in *Hewlett* v.

*Elmer*, to determine whether there is any evidence upon which the verdict of the jury might fairly and reasonably stand. Guided and limited by this rule, we have carefully examined the whole of the record in this case and we are of the opinion that there was an abundance of evidence to sustain the verdict of the jury declaring that the deceased at the time of the execution of the paper propounded as his last will was not of sound mind, memory and understanding, and was incompetent to make a will. It would serve no useful purpose to herein enumerate the various facts which the evidence on the part of the contestants tended to prove, and which also legitimately tended to prove that the deceased at the time of the execution of the paper was *non compos mentis.* The rule as to what constitutes a sound and disposing mind and memory is in this state quite well settled, and each case must depend largely upon its own facts for the determination of that question.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The order should be affirmed with costs.

All concur.

Order affirmed.

---

\* The omitted portion of the opinion relates to exceptions taken on the trial, not considered of sufficient general interest to require a report in full.