## *In re* BULL'S WILL.

*(Surrogate's Court, New York County. February 22, 1889.)*

1. WILLS—CONTEST—JURY TRIAL—COSTS.

Where a verdict for contestants on a jury trial in probate proceedings is affirmed on appeal, and the order of the appellate court denies proponent costs in that court, he is entitled under Code Civil Proc. N. Y. § 2547, as amended by Laws N. Y. 1886,

p. 199, which provides that the costs of a jury trial in New York county, when ordered, shall be taxed in the surrogate's court, and awarded in the same manner as if the proceedings had been heard by the surrogate, to the costs of the trial before the jury and of the motion on a new trial.

2. SAME—ATTORNEY'S FEES.

Where the bulk of testimony including that of the subscribing witnesses to a will, was taken without the state upon an open commission, after the denial of a commission upon interrogatories, proponent is entitled to a *per diem* allowance for the counsel fee charged on the taking of such testimony, to be fixed by affidavit, but not to costs incurred in prosecuting his appeal nor to stenographer's fees for the minutes of the trial if ordered to prepare the case upon appeal.

3. SAME—SPECIAL GUARDIAN.

Where a special guardian filed no objections in the application for costs, and makes claims for attendance on the appeal, but it does not appear that he was ever appointed to conduct the appeal, and no direction is given by the appellate court as to his compensation, the surrogate has no power to provide therefor, but will allow for service rendered by such guardian before the appeal was taken.

On application of allowance of costs.

*Hoppin & Talbot,* for contestants.    *Weekes & Foster,* for proponent.

RANSOM, S. This was a proceeding for the probate of the will of decedent. It was transferred to the court of common pleas by order of Judge ROLLINS, and was tried before Judge VAN HOESEN and a jury. Upon the questions which the jury were asked to answer specifically they returned a verdict in the negative as to the competency of the testator, and his knowledge of the contents of the instrument. Upon the question of formalities of execution, and the absence of undue influence or restraint, they returned answers in the affirmative. The general verdict was in favor of the contestants. At the close of the trial application was made to the court for an allowance, but the judge decided that with that matter he had nothing to do. An appeal was taken to the general term, and the verdict was sustained, with costs of appeal to respondents.[1] Upon appeal to the court of appeals a like judgment was rendered, the order as to costs being the same.[2] A *remittitur* was filed, and the verdict and proceedings certified to this court. Proposed decree has been submitted, which has been duly noticed for settlement. Costs are applied for by the proponent, contestants, and special guardian. The allowance claimed by the proponent's attorney is opposed both by the special guardian and by the contestants, upon the ground that, there being no direction by the appellate tribunal with reference to the allowance of costs to the proponent, they must be disallowed; and, inasmuch as he was an unsuccessful party upon the trial before the jury, costs there cannot be allowed to him. The allowance of costs to the proponent is likewise opposed upon the ground that the proceeding was not conducted by him in good faith. The executor presenting the will for probate was the draughtsman of the will, and went from New York city to Bunker Hill, Ill., for the purpose of procuring its execution.

The most important fact in connection with the question of good faith is that Judge VAN HOESEN, upon the motion for a new trial upon the judge's minutes, in reserving that matter for the action, in the first instance, of the general term, stated that if it had been a matter before him at special term he would have found in favor of the will propounded; but, 12 men having come to a different conclusion, he would not overrule their verdict. Upon the question of good faith, therefore, I think the executor is sustained.

There is a difference between the method in which costs of a jury trial in probate cases are awarded ·in the county of New York and in other counties of the state. By section 2558 it is provided that when a question of fact has been tried by a jury, the decree must award costs to the successful party, unless it is within the previous subdivision, which refers to special directions with reference to costs contained in a judgment made by an appellate tribunal.

---

[1] 2 N. Y. Supp. 52.          [2] 19 N. E. Rep. 503.

Under section 2547 the amendment of 1886, which relates exclusively to proceedings in New York county, it is provided that the costs of the jury trial, when ordered, shall be taxed in the surrogate's court, and shall be awarded in the same manner as if the proceedings had been heard by the surrogate. In this county, consequently, in a probate proceeding, the costs to be awarded in a jury trial would be the costs on contest, $70, and the days occupied in the trial, less two days, besides motion for new trial; whereas, in other counties of the state, the costs of a jury trial, where it may be had in such a proceeding under section 2560, would be the same as the taxable costs of an action in the supreme court, viz., costs before notice, costs after notice and before trial, and trial and term fees. The directions contained in the orders at general term and court of appeals exclude the executor from any allowance in those courts, but he is allowed his costs and disbursements for proceedings in this court.

Assuming that the surrogate will allow costs to the proponent in the manner indicated above, objection is made to the disbursements in the bill of costs proposed by him to the item, "Services to lawyer at Bunker Hill, $200." In this connection, a very important fact to be considered is that the bulk of the testimony, including that of the subscribing witnesses, was taken in Illinois, where the will was made and the testator died. The proponent sought a commission on written interrogatories, which was denied, and an open commission issued. While in a common-law action it has been held in the case of *Dunham* v. *Sherman*, 11 Abb. Pr. 152, that counsel fees abroad upon execution of a commission cannot be taxed as a disbursement, it is apparent that a different rule should prevail in this court. In a common-law action, if the attorney of record had gone abroad and attended personally to the taking of testimony on commission, he would have been entitled to no allowance therefor; whereas, in this court he would be entitled to a *per diem* allowance as in a case of a trial within this jurisdiction. I think the proponent is entitled to the *per diem* allowance for such counsel fee, the same as if his attorney here had attended upon the execution of the commission; the number of days to be fixed by an affidavit to be furnished. All costs and disbursements necessary for the purpose of appeal, such as printing the case and points, should be disallowed to the proponent. The item of stenographer's fees, amounting to $134.50, should be allowed if the minutes were required for the purpose of conducting the trial from day to day, which is hardly possible, in view of the fact that most of the testimony consisted of a simple reading of the commission. If ordered for the purpose of preparing the case upon appeal, they are not, in my opinion, allowable.

It will be noticed in this proceeding that the special guardian filed no objections. The decree or judgment of the general term and court of appeals do not provide compensation for him. In fact it does not appear that a special guardian or guardian *ad litem* was ever appointed for the purpose of conducting the proceedings in an appellate tribunal. "If the interests of an infant need protection in proceedings upon appeal from the surrogate it is the province of the appellate court to appoint for that purpose a guardian *ad litem*." *Schell* v. *Hewitt*, 1 Dem. Sur. 250. It does not appear that he acted as such guardian *ad litem* in the appeal proceedings, by way of the preparation of a brief or argument. He claims an allowance for days occupied in attendance at the general term, but makes no such claim for attendance at the court of appeals. In the absence of a direction from the appellate tribunal, with reference to his compensation, the surrogate has no power to make any provision therefor. *Schell* v. *Hewitt, supra.* See, also, *In re Hatten*, 2 N. Y. Supp. 493; *In re Odell*, Surr. Dec. 1888, 301; *In re Vandervoort*, Id. 496. Upon the entry of the decree in the probate proceeding he is undoubtedly *functus officio.* The special guardian shows, however, 21 days upon which he rendered substantial service previous to the matter being transferred to the appellate court,

and is allowed therefor. Before the decree can be entered, and costs and disbursements fixed, as indicated in this memorandum, the attorneys for the proponent and contestants must submit affidavits to comply with rules 22 and 24.