Compañía Industrial de Aguadilla, Plaintiff and Appellant.
v. Municipality of Aguadilla, Defendant and Appellee.

No. 5706. Argued March 24, 1933.—Decided September 29, 1934.

*Guerra Mondragón & Soldevila* for appellants. *Juan B. Soto* and *A. García Ducós* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The complaint before us sets up in effect that a fire destroyed all the real and personal property that the plaintiff had in a furniture factory; that by virtue of a franchise granted it by the executive council and approved by the Governor, the defendant municipality built an aqueduct to supply for pay, water to the inhabitants; that the total destruction of the property of the plaintiff was due to the negligence of the municipality, its officers, employees and agents, (a) in having, on the night of the fire, cut off the water supply; (b) in not having furnished water during the first 45 minutes

of the fire; (c) for lack of due pressure when the water was running; (d) that the reserve tank for the emergency of fire was not turned on; (e) because the person in charge of the aqueduct was not on his job the night of the fire; (f) because there was no lack of water in the aqueduct; (g) because there was no justification for giving an order to cut off the water on the night of the fire; (h) because of the lack of co-operation of the employees whose duty it was to aid in the extinction of fires.

On demurrer the District Court of Aguadilla decided against the plaintiff. Judgment was entered for the defendant and an appeal taken.

 The appellant maintains that the district court, without considering the disposition of one of the Municipal Acts and under the theory that the municipality was not responsible rendered the said judgment. The three assignments of error were reduced to one, namely: that given the dispositions of the Municipal Act, the municipality was responsible for the fault or negligence of its officers and employees.

The appellant lays great stress on paragraph (d) of Section 83 of the Municipal Act of 1928, Laws of that year, p. 398. It reads thus:

"Section 83.—That on motion of the aggrieved party, the district court shall have jurisdiction—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"(d) To grant, under ordinary action, compensation for damages to parties injured by acts or omissions of municipal officials through malice or inexcusable negligence or ignorance."

From the form of the assignment it appears that the appellant, assuming the negligence of the municipality, is relying on the said Section, when in point of fact at common law and otherwise, municipalities have been made responsible for certain well-recognized acts of its agents and employees.

Indeed, it may be said that paragraph (*d*) of Section 83 is merely declaratory of the general law. The proposition enunciated by the appellant in a way can not be disputed but it is another thing to say that by the said general words an obligation was created that did not exist before. The legislature, of course, may enact laws fixing all sorts of liabilities, but it should do so in express terms.

The case of *Pearce* v. *Hallum*, 30 S.W. (2nd) 399 is illustrative. A corporation is liable for certain acts of its agents; hence so is the municipal corporation. It is not immune from suit. Liability against a municipal corporation arises as liabilities against other corporations arise. Some of the quoted words from the case above are:

"We hold that municipal corporations may be sued and held liable for acts and damages or injuries causing death occasioned by the wrongful acts, negligence, carelessness and unskillfulness or default of its agents and servants, just as is provided therein for the liability of persons and other corporations."

The idea of many of the cases cited by the appellant is that the municipality may be made responsible in the same way that another corporation or an individual might be. In general, however, the cases presuppose a liability against natural persons.

For example, at common law a municipality is made responsible for defects in the streets occasioning damages to other people. A corporation is responsible for the negligent management of electric plants, water plants or other public utilities where, as a result of such mismanagement, injuries are directly caused to others. The cases more frequently show some positive act by which injuries are cause to individuals.

The Enabling Act of 1928 fixes no other liability than would have existed before, but it merely makes clear that a corporation may be sued as could other individuals. Perhaps this was the reaction from *People* v. *Rosaly*, 227 U.S. 270, quoted in the brief. The question reduces itself to

whether by positive law a municipal corporation has been or is to be held responsible for its failure properly to manage its water plant for the extinction of fire. There have been some courts and some states that have decided in favor of a liability under the circumstances of this case, but the general rule is to the contrary. The general rule is that in handling a fire department a municipality acts in a governmental capacity and not in a private capacity. *Fisher* v. *Boston*, 104 Mass. 87, 6 A.R. 196; *Brown* v. *District of Columbia*, 29 Ap.D.C. 273, 25 L.R.A. (N.S.) 94; *Lynch* v. *City of North Yakima*, 37 Wash. 657; 12 L.R.A. (N.S.) 261; 80 Pac. 79, 43 C.J. 967, Par. 1746, 19 R.C.L. 1116, par. 397.

Curiously enough, one of the most salient ways of reaching the conclusion in this case is by citing a decision of the Supreme Court of United States which squints to the contrary. It is *Guardian Trust Co.* v. *Fisher*, 200 U.S. 57, and the court held, to quote the syllabus:

"While a citizen may have no individual claim against a company contracting to supply water to a city for its failure to do anything under the contract, he may have claim against it, after it has entered upon a contract and is engaged in supplying the city with water, for damages resulting from negligence and in such a case the action is not for breach of contract but for a tort."

The appellant relied in part on *Lenzen* v. *City of New Braunfels,* a case decided by the Court of Civil Appeals of Texas, April 22, 1896, 35 S.W. 341. The appellant makes copious extracts from that case. Thereafter the subject matter came up before a court of Civil Appeals of Texas on April 3, 1909, and that court held, again to quote the syllabus:

"A water company contracting with a city to furnish water to the city and its inhabitants and to supply water to extinguish fires, etc., does not undertake a public duty, so as to be liable on that ground for the destruction of the property of an inhabitant because of the failure to furnish water to extinguish a fire." *Greenville Water Co.* v. *Beckham,* 118 S.W. 889.

The court in citing numerous cases, says: "We are aware of the case of *Guardian Trust Co.* v. *Fisher,* 200 U.S. 57, 26 Supreme Ct. Rep., 186, and of the cases of *Paducah Lumber Co.* v. *Paducah Water Supply Co.,* 89 Ky., 340, 12 S.W., 554; *Gorrel* v. *Greensboro Water Supply Co.,* 124 N.C. 328, and *Mugge* v. *Tampa Waterworks Co.,* 42 So. Rep., 81, and are not impressed with the reasoning in those cases. These decisions are against the great weight of the author· ity in this country." The court did not cite or attempt to distinguish the case of *Lenzen* v. *The City of New Braun- fels, supra.* Neither did the appellee in this case. In Texas it apparently passed unnoticed, if one may judge by *Kling* v. *City of Houston,* 62 S.W. (2nd) 689.

*Moch Co.* v. *Rensselaer Water Co.,* 247 N. Y. 160, 159 N.E. 896, 62 A.L.R. 1199, was a case where Mr. Chief Justice Cardozo then of the Court of Appeals of New York, delivered the opinion. Said the court:

"The plaintiff would have us hold that the defendant, when once it entered upon the performance of its contract with the city, was brought into such a relation with every one who might· potentially be benefited through the supply of water at the hydrants as to give to negligent performance, without reasonable notice of a refusal to continue, the quality of a tort. There is a suggestion of this thought in *Guardian Trust & D. Co.* v. *Fisher,* 200 U.S. 57, (*supra*), 50 L. ed. 367, 26 Sup. Ct. Rep. 186; but the dictum was rejected in a later case decided by the same court, *German Alliance Ins. Co.* v. *Home Water Supply Co.,* 226 U. S. 220, when an opportunity was at hand to turn it into law. We are satisfied that liability would be unduly and indeed indefinitely extended by this enlargement of the zone of duty. The dealer in coal who is to supply fuel for a shop must then answer to the customers if fuel is lacking. The manufac- turer of goods, who enters upon the performance of his contract, must answer, in that view, not only to the buyer, but to those who to his knowledge are looking to the buyer for their own sources of supply. Every one making a promise having the quality of a con- tract will be under a duty to the promisee by virtue of the promise, but under another duty, apart from contract, to an indefinite num- ber of potential beneficiaries when performance has begun. The

assumption of one relation will mean the involuntary assumption of a series of new relations, inescapably hooked together. Again we may say in the words of the Supreme Court of the United States, 'The law does not spread its protection so far.' *Robins Dry Dock & Repair Co.* v. *Flint,* 275 U.S. 303 72 L. ed. 290, 48 Sup. Ct. Rep. 134; cf. *Byrd* v. *English,* 117 Ga. 191, 64 L.R.A. 94, 43 S.E. 419; *Dale* v. *Grant,* 34 N.J.L. 142; *Connecticut Mut. L. Ins. Co.* v. *New York & N.H.R. Co.,* 25 Conn., 265, 65 Am. Dec. 571; *Anthony* v. *Slaid,* 11 Met. 290. We do not need to determine now what remedy, if any, there might be if the defendant had withheld the water or reduced the pressure with a malicious intent to do injury to the plaintiff or another. We put aside also the problem that would arise if there had been reckless and wanton indifference to consequences measured and foreseen. Difficulties would be present even then, but they need not now perplex us. What we are dealing with at this time is a mere negligent omission, unaccompanied by malice or other aggravating elements. The failure in such circumstances to furnish an adequate supply of water is at most the denial of a benefit. It is not the commission of a strong.''

In *German Alliance Co.* v. *Home Water Supply Co.,* cited by Chief Justice Cardozo, it was said: ''The Courts have almost uniformly held that municipalities are not bound to furnish water for fire protection.'' In that case, as in others, the principle was set forth that a citizen had no such interest as would enable him to sue a water company that had contracted with a city to supply water.

The judgment should be affirmed.