PRATT, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.

---

In the Matter of the Probate of the Last Will and Testament of ADRIAN M. SUYDAM, Deceased.

JOHN D. SNEDEKER and Another, Individually and as Executors and Trustees, etc., of ADRIAN M. SUYDAM, Deceased, Respondents; LEAH V. C. NAUL and Others, Appellants.

*Transactions between a client and his attorney — the rule inter vivos not applicable to a bequest by will — a testator's anger will not defeat his will.*

The rule that prevails as to transactions *inter vivos* between clients and attorneys does not apply to a will made by the client in favor of his attorney.

The anger and ill-will of a testator, however unjustifiable, cannot of themselves defeat his last will and testament.

APPEAL by Leah V. C. Naul and others, next of kin and heirs at law of Adrian M. Suydam, deceased, from a decree of the Surrogate's Court of the county of Kings, entered in the Kings County Surrogate's Court on the 16th day of April, 1894, admitting to probate two certain instruments as and for the last will and testament and codicil of Adrian M. Suydam, deceased.

*George F. Elliott*, for the contestants, appellants.

*John P. Rolfe* and *Wm. S. Cogswell*, for the proponents, respondents.

*Horace Graves,* for the Bushwick Avenue Church, respondent.

*George H. Fisher,* for the Industrial Home, respondent.

CULLEN, J.:

This is an appeal from a decree of the surrogate of the county of Kings, admitting to probate the last will and a codicil thereto of Adrian M. Suydam.

This appeal presents solely a question of fact. The evidence is brief and requires but little discussion. The appellants are nieces of the testator, and were disinherited by his will. There is no question here of dementia or loss of intellect; therefore, the only attack that can be made on the will is either the allegation of undue influence or of mental delusion as to the appellants. There is no evidence whatever to support the first charge except that the lawyer and draftsman of the will is given thereby a legacy of $5,000. The rule that prevails as to transactions *inter vivos* between client and attorney does not apply to a will made by the client in favor of his attorney. (*Matter of Smith,* 95 N. Y. 516.)

In this case the legacy to the attorney is but a small part of the estate, and it is conceded that for years prior to his decease there had been no disposition on the part of the testator to favor the appellants.

It appears that a number of years ago the testator took offense at some conduct of his brother, the father of the appellants. This led to unfriendly feelings, not only against the brother, but also against the brother's family, including the appellants. About ten years ago another brother, Jacob, died. Jacob left the greater portion of his property to his nieces, the appellants, and to the testator Adrian simply a burial plot. These testamentary dispositions by his brother seem to have further imbittered the feelings of the testator toward his nieces, and he appears to have contrasted with some degree of anger the gift of substantial property to his nieces and the burial plot to himself. This animosity on the part of the deceased continued till his death, and undoubtedly the will is largely the result of that feeling. But anger and ill-will, however unjustifiable, cannot defeat the testator's will. "On questions of testamentary capacity, courts should be careful not to confound perverse opinions and unreasonable prejudices with mental alienation. These qualities

516 P. P. & C. I. R. R. CO. *v.* B., B. & W. E. R. R. CO. No 1.

SECOND DEPARTMENT, FEBRUARY TERM, 1895. [Vol. 84.

of mind may exist even in a high degree, and yet, so far as regards the view which the law takes of the case, the subject may be sane and competent to perform a legal act." (*Seamen's Friend Society* v. *Hopper*, 33 N. Y. 619.)

There is no evidence to show that the testator even erred in his belief as to the facts out of which his animosity sprung, much less that he labored under any insane delusion as to those facts. His feelings may have been unkind, uncharitable and even wicked, but unfortunately they are not wholly unknown in the history of human nature. Certain it is that no subject breeds more bitter family dissensions or quarrels than what are regarded as unfair dispositions of the family heritage. These feelings often far outweigh any grief at the loss of the deceased.

The decree appealed from should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Decree affirmed, with costs.