### SEAGRIST v. SIGRIST et al.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. APPEAL—IRREGULAR JUDGMENT.

Where judgment is entered dismissing the complaint as to all the defendants, some of whom were not served or did not appear, plaintiff's remedy is by motion to set aside the judgment for irregularity, and not by appeal.

2. COSTS—EXTRA ALLOWANCE.

Where a suit to set aside the probate of a will involved the same questions tried in the probate proceedings, from which an appeal was then pending, and it appeared therefrom that preparation for trial would be expensive, and the trial tedious, there was no abuse of discretion in granting defendants an extra allowance for costs on dismissal of the complaint, as authorized in "difficult and extraordinary cases."

3. SAME—AMOUNT.

Though the amount involved in a suit to set aside the probate of a will is $200,000, it is improper to grant defendants $1,000 as an extra allowance, where a less sum would fully indemnify them for expense incurred.

Appeal from trial term, New York county.

Action by Francis W. Seagrist against Francis S. K. Sigrist and another, executors of Nicholas Seagrist, deceased, impleaded with others. From a judgment dismissing the complaint, and from an order granting defendants an extra allowance for costs, plaintiff appeals. Judgment affirmed, and order modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, INGRAHAM, and PARKER, JJ.

Edward S. Clinch, for appellant.

E. W. S. Johnston, for respondents.

RUMSEY, J. The action was brought under the provisions of section 2653 A, of the Code of Civil Procedure, to procure a judgment declaring invalid the probate of the will of Nicholas Seagrist. Several of the defendants, among whom were the executors of Nicholas Seagrist, appeared and answered; but others did not appear, and some of them were not served with process. While the action was in this condition, a motion was made by the plaintiff for leave to discontinue, which was granted upon terms which seem not to have been accepted; and thereupon the case, having been put upon the calendar, was reached, and in its order, and upon motion of the executors, the complaint was dismissed as against them and another defendant who had appeared. A motion was subsequently made by the executors for an extra allowance, and the sum of $1,000 was awarded to them upon that motion, as an additional allowance of costs. After that had been done, the executors entered judgment dismissing the complaint as to all the defendants. The plaintiff appeals from this judgment, as well as from the order granting the additional allowance of costs.

So far as the appeal from the judgment is concerned, it is only necessary to say that the remedy of the plaintiff is not by appeal. If the judgment is irregular, for the reason that it should not have been entered in favor of those defendants who were not served or who had not appeared in the action, the remedy of the plaintiff was by motion to set aside the judgment for irregularity. The judgment therefore must be affirmed upon the appeal.

In cases of this kind, the granting of an extra allowance is necessarily much in the discretion of the trial court. Whether the circumstances and the surroundings of the action make it difficult and extraordinary, within the meaning of the section of the Code, is a matter largely to be determined by the court before whom the action is tried; and it is only where an abuse of the discretion is plainly shown that an appellate court will undertake to say that such an allowance will not be granted. There were circumstances surrounding this case which might well lead a trial court to the conclusion that the action was difficult and extraordinary. It was not at all certain that the action could not be maintained by the plaintiff, and, if it might have been maintained, it was quite evident from the proceedings already had before the surrogate that the preparation for trial would be expensive, and the trial itself would be long and tedious. The whole matter had been tried out before the surrogate, and, at the time this action was commenced, the case was about to be argued in the appellate division, or had already been argued in that court. It was fair to infer that this action was brought, not solely for the purpose of settling the validity of the will of Nicholas Seagrist, but to enable the plaintiff to delay for a considerable period of time the settlement of the estate, and possibly to tax it with a large bill of costs, for the purpose of litigating over again in the supreme court the very questions which had been fully tried before the surrogate, or which, if the decree of the surrogate was reversed, would necessarily be tried in the supreme court by a jury. In view of that fact, the court which grant-

ed this motion might well have said that the circumstances surrounding the case were such as to bring it within the section of the Code which authorizes the granting of an allowance in difficult and extraordinary cases. '

The object for which the action was brought was to set aside the probate of the will of Nicholas Seagrist. This will disposed of the entire property of the testator, amounting to over $200,000. If the plaintiff recovered a judgment in the action, it would necessarily affect the disposition of all the property of which Nicholas Seagrist died the owner, and would transfer that property from the persons to whom it was given by the will to the persons who would be entitled to it if he died intestate. The amount involved, therefore, was the full amount of the property of the testator, something over $200,000, and that was the amount upon which the additional allowance might have been estimated. But, in spite of all that, we are inclined to think that it was not proper to fix the allowance at so great an amount as $1,000. It does not appear that the preparation for the trial on the part of the defendants was actually made. The only expense which seems to have been actually incurred in the action was the retaining of counsel, and the payment of the counsel fee; and we think that a less sum than $1,000 was all that was required in the case for the indemnity of the defendants, which is the true ground upon which an allowance is granted in such cases. The sum of $250, we think, would be sufficient to indemnify the defendants for their additional expense incurred in the action; and the order granting an additional allowance is modified by reducing the allowance from $1,000 to $250, and the judgment entered is modified in the same way, without costs to either party of the appeal from the order.

Judgment affirmed, with costs, and order modified as above, without costs to either party in this court. All concur.