(86 App. Div. 290.)

HAUGHIAN v. CONLAN et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. WILLS—TESTAMENTARY INCAPACITY—SUFFICIENCY OF PROOF.
     Mere evidence that testator had for many years indulged to excess in the use of intoxicants, and that on one occasion, after the execution of his will, and about a year before testator's death, he did not seem to recognize his brother when he met him on the street, was insufficient to show testamentary incapacity.

2. SAME—UNDUE INFLUENCE.
     Testator's estate being worth at least $225,000, the fact that the attorney who drew his will received a legacy of $10,000, and also some

capital stock, which he afterwards sold for $1,200, did not show undue influence.

3. SAME—ACTIONS TO DETERMINE VALIDITY—SUBMISSION OF ISSUES TO JURY.

There is nothing in Code Civ. Proc. § 2653a, relating to actions to determine the validity of a will, which makes it mandatory on a trial judge to submit the issues in an action brought thereunder to the jury.

4. SAME—COSTS—EXTRA ALLOWANCE.

In an action brought under Code Civ. Proc. § 2653a, attacking the validity of a will, the court has power to make an extra allowance of costs to the defendants.

Appeal from Trial Term, Kings County.

Action by James Haughian against Lewis J. Conlan and others, individually and as executors of Charles P. Haughian, deceased, and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,. HIRSCHBERG, and HOOKER, JJ.

George M. Curtis (C. G. Wheeler, on the brief), for appellant.

A. Van Wagoner, for respondent executors.

Moses Ely (John L. Wilkie, on the brief), for respondent General Society of Mechanics & Tradesmen.

WILLARD BARTLETT, J. This suit is an attack, under section 2653a of the Code of Civil Procedure, upon the validity of the will of Charles P. Haughian, deceased. The plaintiff is a brother of the testator, and in his complaint alleges that the alleged will was never executed in conformity with the requirements of law, that at the time of the alleged signing thereof the said Charles P. Haughian was of unsound mind and incapable of making a testamentary disposition of his property, and that the execution thereof was secured by the undue influence of Lewis J. Conlan and other persons to the plaintiff unknown. Answers were interposed denying these allegations on the part of the executors and the general Society of Mechanics & Tradesmen of the City of New York, a legatee under the will; and upon the issues thus arising the case was brought on for trial, and at the close of the evidence on both sides the court directed a verdict in favor of the defendants.

The able and ingenious argument of the learned counsel for the appellant has failed to persuade us that any error was committed either in the rulings upon the trial, or in the final disposition of the case. The plaintiff omitted to prove a single circumstance connected with the actual execution of the will. The draftsman of the instrument was Lewis J. Conlan, one of the justices of the City Court of' New York; and the witnesses were John Henry McCarthy and J. M. Fitzsimmons, both also members of the same tribunal. As to the testator's capacity, the only proof adduced upon the trial was testimony to the effect that the testator had been in the habit for many years of indulging to excess in the use of intoxicating liquors; but there was no evidence that this habit had deprived him of the power of attending to his business affairs, or that it could have affected or did affect his capacity to make an intelligent disposition of his property. The testimony of one witness, to the effect that the testator,.

on an occasion subsequent to the execution of his will, and about a year and a half previous to his death, did not seem to recognize his brother (the plaintiff) when he met him in the street, is an isolated circumstance, too insignificant of itself to support the inference that he lacked testamentary capacity at the time when the will was made.

As to the charge of undue influence, we find nothing to support it except the fact that Judge Conlan, who drew the will, received a legacy of $10,000 thereunder, and also 10 shares of the capital stock of the Chrome Steelworks, which he afterwards sold for $1,200. This is utterly insufficient to warrant the inference of undue influence. Matter of Suydam, 84 Hun, 514, 32 N. Y. Supp. 449, affirmed in 152 N. Y. 639, 46 N. E. 1152, on the opinion of Cullen, J., in the court below. In the case cited there was no evidence whatever to support the charge of undue influence, except that the lawyer and draftsman of the will was given a legacy of $5,000; and the court applied the doctrine of the Matter of Smith, 95 N. Y. 516, that the rule which prevails as to transactions inter vivos between client and attorney does not apply to a will made by the client in favor of his attorney. In the case at bar the value of the estate appears to have been at least $225,-000, and the amount of the legacy to Judge Conlan was not so disproportionately large as to suggest the exercise of any improper solicitation or control on his part.

In view of the state of the proof at the close of the case, we concur in the opinion expressed by the trial judge that there was nothing from which the jury would have the right to infer either undue influence or lack of testamentary capacity. Under these circumstances, the court possessed the power, and it was its duty, to direct a verdict for the defendants. There is nothing in section 2653a of the Code of Civil Procedure which makes it mandatory upon the trial judge to submit the issues in an action brought thereunder to the determination of a jury. This has been held, in effect, in every judicial department of the state, and also by the Court of Appeals. Hawke v. Hawke, 82 Hun, 439, 31 N. Y. Supp. 968, affirmed in 146 N. Y. 366, 41 N. E. 89; Cook v. White, 43 App. Div. 388, 60 N. Y. Supp. 153, affirmed in 167 N. Y. 588, 60 N. E. 1109; Hagan v. Sone, 68 App. Div. 60, 74 N. Y. Supp. 109; Dobie v. Armstrong, 160 N. Y. 584, 55 N. E. 302.

Nor was there any error in awarding extra allowances to the several defendants. The power of the court to make such allowances in an action of this kind is settled by authority. Seagrist v. Sigrist, 20 App. Div. 336, 46 N. Y. Supp. 949; Delmar v. Delmar, 65 App. Div. 582, 72 N. Y. Supp. 959.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.