Matter of the Application for the Revocation of the Probate of the Codicil to the Last Will and Testament of TRUMAN HAWLEY, Deceased.

(Surrogate's Court, Erie County, June, 1904.)

Will —Undue influence — Opportunity and motive to exert it — How far it must control — Feebleness of mind and body as affecting testamentary capacity.

Opportunity to exercise undue influence upon a testator, with motive to exert it, is insufficient to establish its exercise as it must further appear that the undue influence was sufficient to overcome his will.

To avoid a will on this ground, the conclusion must be inevitable that the testator's mentality was reduced to helplessness and that he succumbed to an influence making his will another's.

Feebleness of mind and body raises no presumption of a lack of testamentary capacity.

Misc.]        Surrogate's Court, Erie County, June, 1904.

PROCEEDINGS to revoke probate of a codicil to the last will and testament of Truman Hawley, deceased.

Norton, Penney & Sears and John F. Pettit, for petitioners, asking revocation.

William D. Van Pelt, for executors.

Simon Fleischmann, for legatee, Grace Prince White.

MARCUS, S.   The testator, Truman Hawley, died November 7, 1902, at the age of eighty-four years, at the home of Mrs. Grace Prince White, in Buffalo, N. Y., leaving a last will and testament dated February 10, 1902, and a codicil thereto, dated October 6, 1902.   The will and codicil were admitted to probate on January 7, 1903, without contest, upon the petition of Charles H. Corbett (Sr.), nephew, and one of the executors named in his will.

On January 7, 1904, eight of the legatees named in the testator's will, being nephews, nieces, grandnephews, grandnieces and the wife of a nephew of the decedent, filed a petition to revoke the probate of only the codicil to the testator's will, substantially upon the grounds that the testator at the time of executing such codicil was not of sound mind and memory, and was unduly influenced in the execution thereof by the legatee, Grace Prince White.   The contestants do not attack the validity of the original will.   By the will, the testator bequeathed $1,500 to Mrs. White, and by the codicil he added a further bequest to her of $5,000.

It appeared from the testimony that the testator had for many years lived with Mr. and Mrs. Prince in Buffalo, who had adopted the legatee, Grace Prince White, when she was a child.   Mrs. Prince was a sister of the decedent, Mr. Hawley, and the household for many years consisted of Mr. and Mrs. Prince, Mr. Hawley the decedent, and Grace Prince, who afterward became Mrs. White, her husband dying after her marriage.   Mr. and Mrs. Prince died years ago, and upon their death the Prince family home was left, by will, to Mrs. White, and Mr. Hawley continued to live with Mrs. White at the old family home, until his death.   The decedent left no

Surrogate's Court, Erie County, June, 1904.        [Vol. 44.

widow or children, and his only heirs and next of kin are nephews, nieces, grandnephews and grandnieces, none of whom ever appear to have manifested any interest in the testator, who for many years had led a retired life, living on the income of his estate, which amounts to about $14,000.

In August, 1902, the decedent took to his bed from the encroaching weakness of old age. He did not again leave his bed permanently, and died on November 7, 1902.

The doctor who attended him in his last illness is also one of the witnesses to the codicil, and he describes the progress of Mr. Hawley's decline, characterizing the condition as one incident to old age. He testified, however, to the mental soundness of the testator at the time of making the codicil, and there is no evidence that the testator's mind was at any time impaired. The other witness to the codicil was an attorney, who had attended to what little law business the decedent had had for many years preceding his death, and who had formerly boarded in the Prince household, and who was a friend of the Prince family, including Mrs. White and the decedent. This witness testified in great detail as to the circumstances attending the execution of the codicil. He stated that he was sent for by the decedent, who discussed the question of the codicil with him when Mrs. White was not present. That the decedent said he wanted to make further provision for Mrs. White, in view of her care and attention to him for many years while living in her house, and asked the witness what he thought about it, to which the witness replied that he thought Mr. Hawley should leave all of his property to Mrs. White. The decedent, however, with evident force of mind and will, said he did not think he ought to do this, and asked for a modified suggestion. The attorney thereupon said that as Mrs. White's property which she had received from the Prince estate was incumbered by mortgages to the extent of $5,000 the decedent might leave her a further bequest of $5,000 with which she could clear her property. The decedent expressed his satisfaction with this suggestion, and directed the attorney to prepare a codicil, making such bequest and directing its payment in advance of all other legacies. This codicil was prepared by the attorney,

and later in the day taken back to the testator when he signed and acknowledged it to the attorney and the doctor who witnessed it.

The learned counsel for the petitioner who seeks to revoke the probate of the codicil has presented to the court an able brief, which has received careful consideration. It is argued, with force and ingenuity, that the entire history of the latter part of Mr. Hawley's life tends to show that his physical decline must have been accompanied with a corresponding weakness of mind; and further, that the testator's residence at the home of Mrs. White and the attending circumstances warrant the inference that the bequest to her, contained in the codicil, was the result of undue influence exercised by her upon the testator.

It seems to me unnecessary to consider the evidence in detail, as I have come to the conclusion that this case clearly falls within the group of decisions in this and other States, which hold that opportunity to exercise undue influence, with motive to exert it, is not sufficient to establish its exercise, but that it must further appear that such influence was sufficient to overcome the will of the testator; and to avoid a will on this ground the conclusion must be inevitable that the testator's mentality was reduced to helplessness, and that he succumbed to an influence making his will another's, and that feebleness of mind or body raises no presumption of lack of testamentary capacity. Matter of Siegrist, 1 App. Div. 615; affg. 11 Misc. Rep. 188; Brick v. Brick, 66 N. Y. 144; Matter of Snelling, 136 id. 515; Children's Society v. Loveridge, 70 id 387; Cudney v. Cudney, 68 id. 152; Matter of Brunor, 19 Misc. Rep. 203; Matter of Metcalf's Will, 16 id. 180; Matter of Williams' Will, 15 N. Y. Supp. 828; Matter of Dunham's Will, 1 N. Y. Supp. 120.

The burden of showing mental incapacity or undue influence rests upon the contestants, even if it should be held that a confidential relation existed between the testator and Mrs. White, which can scarcely be claimed, a distinction being recognized, even under such circumstances, between a deed and a bequest under a will, and it seems clear to me that the contestants in this case have not met this burden. Matter

Surrogate's Court, New. York County, June, 1904.     [Vol. 44.

of Spratt, 4 App. Div. 1; Post v. Mason, 91 N. Y. 539;
Matter of Suydam, 84 Hun, 514; Matter of Rohe's Will, 22
Misc. Rep. 415, 50 N. Y. Supp. 392.

I am satisfied, from the entire evidence before me, that the
codicil, giving a further bequest to Mrs. White, was the de-
liberate act of the testator, and expressed his will and inten-
tion, and that the testimony of the subscribing witnesses to
this codicil, one a practicing attorney and the other a prac-
ticing physician, and both of high standing in the community,
uncontroverted as it is, fairly and reasonably leads to the
conclusion I have reached.

The petition to revoke the probate of the codicil must,
therefore, be dismissed upon the merits.

Petition dismissed upon the merits.