Appeal from Special Term, Westchester County.

Action by State Line Telephone Company against William B. Ellison, as commissioner of water supply, gas, and electricity of the city of New York, and another. From an order denying its motion to restrain defendants from interfering with the maintenance by plaintiff of its telephone poles and wires on a highway in Putnam county, plaintiff appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Frank B. Vermilya and William D. Veeder, for appellant.

I. J. Beaudrias, for respondent.

GAYNOR, J. By Transportation Corporations Law, Laws 1890, p. 1152, c. 566, § 102, leave is granted by the state to telegraph and telephone companies to construct and maintain their fixtures "over or under any of the public roads, streets and highways." This is full permission without compensation so far as the state can give it. Where, however, the fee of the highway belongs to the abutting owners, instead of being in the state, or any of its political subdivisions or bodies politic, compensation to such owners has to be made for the easement taken by such companies. Eels v. Am. Tel. & Tel. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640. In the taking of land in Putnam county for its water supply, the city of New York is permitted to take the land in the adjacent highways also, for sanitary reasons, but only to care for such highways and hold them in trust for the public use as highways. Chapter 445, p. 512, Laws of 1877; chapter 490, p. 666, Laws of 1883; chapter 189, p. 317, Laws of 1893. The highway over which the plaintiff seeks to run its telephone wires on poles was acquired by the city in that way. It follows that the section of the transportation corporations law already cited applies to it. To say that inasmuch as the city owns the abutting land also it is entitled to compensation may be specious, but not enough so to be misleading. That the city owns the abutting land does not make a difference, for the compensation, where it has to be given, is not given for the abutting land, but for the land in the highway, and here none can be exacted for the land in the highway, by reason of the leave granted by the statute. People v. Kerr, 27 N. Y. 188.

The order should be reversed, and the motion granted.

Order reversed with $10 costs and disbursements, and motion granted, with costs. All concur.

---

(121 App. Div. 398.)

In re MARLOR'S WILL. *

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

WILLS—VALIDITY—UNDUE INFLUENCE—PRESUMPTIONS.

    That testatrix's will named her attorney as executor is not a suspicious circumstance, and does not raise a presumption of undue influence against the will.

Appeal from Surrogate's Court, Kings County.

Application by Seth R. Johnson, executor, for the probate of the will of Jane Ann Marlor, deceased. From a decree of the surrogate

*Modified in 106 N. Y. Supp. 1136.

(103 N. Y. Supp. 161), refusing to admit the offered will to probate, the executor and William Penn Esterbrook and another, beneficiaries, appeal. Decree reversed, and will admitted to probate.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

John Hill Morgan (Silas B. Brownell, on the brief), for appellants. Jerry A. Wernberg, for respondents.

HIRSCHBERG, P. J. The surrogate finds as facts in the decree appealed from that the instrument alleged to be the last will and testament of the deceased was not duly executed as required by law, that the testatrix at the time of executing it was incompetent to make a will, and that she was then acting under restraint and undue influence. Not a word of proof was given on the hearing before the surrogate tending to establish any one of these three findings. On the contrary, the evidence is clear and conclusive that the will was executed with all the formalities and requirements of the law, that the testatrix at the time of its execution was in all respects competent, and that she was not under any restraint or undue influence whatever. In the opinion written by the learned surrogate he states as follows:

"There is no question as to the sanity of the testatrix or that the legal formalities necessary to the execution of the will were complied with. The sole question to be determined is as to the existence of undue influence."

On the question of undue influence the learned surrogate holds that, inasmuch as the executor named in the will was the attorney of the deceased, that fact raises a presumption of undue influence, and he accordingly concludes from that fact alone that the attorney must have exercised some undue influence over the testatrix, and thereupon has rejected the will. There is no authority in this state for the proposition that the naming of an attorney or confidential adviser as an executor is a suspicious circumstance, or one which raises a presumption of undue influence. Such an act does not operate to change the general rule that the burden of proving undue influence is upon the party asserting it, and that it must be established by clear and convincing evidence. The proponent in this case is not a beneficiary under the will, and it has been held in this state that, even where the draftsman of a will is a beneficiary, the fact would raise no presumption to overthrow the will. In Post v. Mason, 91 N. Y. 539, 43 Am. Rep. 689, it was held that where a will contained a legacy to the draftsman, an attorney who, at the time of the execution of the will, was, and for a long time previously had been, the counsel of the testator, the fact did not raise a presumption that the influence of the attorney was unduly exercised, or that the intention of the testator was improperly controlled. In Matter of Will of Smith, 95 N. Y. 516, the court said page 523:

"It has been held that the fact that the beneficiary was the guardian, attorney, or trustee of the decedent does not alone create a presumption against a testamentary gift, or that it was produced by undue influence. Coffin v. Coffin, 23 N. Y. 9, 80 Am. Dec. 235; Post v. Mason, 91 N. Y. 539, 43 Am. Rep. 689; Parfitt v. Lawless, L. R. 2 Pro. & Div. 462. The mere fact, therefore, that

the proponent was the attorney of the testatrix, did not, according to the authorities cited, create a presumption against the validity of the legacy given by her will."

In Haughian v. Conlan, 86 App. Div. 290, 83 N. Y. Supp. 830, this court held that the fact that the lawyer who drew the will was bequeathed legacies was utterly insufficient to warrant the inference that the will was the result of undue influence. See, to the same effect, Clarke v. Schell, 84 Hun, 28, 31 N. Y. Supp. 1053; Matter of Suydam's Will, 84 Hun, 514, 32 N. Y. Supp. 449, affirmed on opinion below 152 N. Y. 639, 46 N. E. 1152.

The decree should be reversed, with costs to the appellants payable out of the estate, and the will admitted to probate. All concur.

(121 App. Div. 538.)

### BUSH v. HALSTED et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. ATTORNEY AND CLIENT—DUTIES OF ATTORNEY TO CLIENT—CLIENT AS ASSIGNEE FOR CREDITORS—SALE OF LAND—PURCHASE BY ATTORNEY.

The sale, conducted by the attorneys of a trustee, to whom an insolvent made an assignment for creditors, one of the attorneys acting as auctioneer, to one with whom, unknown to the trustee or insolvent, the attorney had agreed that, if he became the purchaser, it should be for the joint benefit of them and him, is invalid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 250–263.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS—SALE OF LANDS—VALIDITY—WHO MAY ATTACK SALE.

The invalidity of the sale conducted by the attorneys of the trustee, to whom an insolvent made an assignment for creditors, one of them acting as auctioneer, to one with whom, unknown to the trustee or insolvent, they had agreed that, if he became the purchaser, it should be for the joint benefit of them and him, may be asserted, not only by the trustee, but by the insolvent; the assignment providing for return to him of any surplus after payment of the creditors, so that, under Laws 1875, p. 618, c. 545, there was a reverter to him.

3. REMAINDERS—ACTION BY REMAINDERMAN—LIMITATIONS.

One's right of action to recover land in which he has a remainder interest does not accrue till after death of the life tenant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Remainders, § 13.]

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS—ATTACKING SALE.

The invalidity of a sale by a trustee, to whom an insolvent made an assignment for creditors, with provision for return to him of any surplus after payment of his debts, because of the attorneys who conducted the sale for the trustee becoming the purchasers through another, need not be asserted in the accounting proceedings by the trustee, or by action to avoid the final order of confirmation therein, but may be by a subsequent independent action.

5. SAME—NOTICE OF INVALID SALE—RECORDS.

The debtor who makes an assignment for creditors to a trustee, with provision for return to him of any surplus after payment of his debts, is not chargeable with constructive notice of the fact that the attorneys who conducted the sale for the trustee made the sale to one with whom they had agreed that the purchase, if made by him, should be for the joint benefit of them and him, because of the recording, after the sale and the delivery of the deed to the purchaser, of such agreement.